1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC RAY P., <br><br>                Plaintiff, <br><br>    v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                Defendant. | NO. 1:22-CV-3013-TOR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 11, 13). Plaintiff is represented by D. James Tree. Defendant is represented by Jeffrey E. Staples. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' briefing, and is fully informed. For the reasons discussed below, the Court **denies** Plaintiff's motion and **grants** Defendant's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 19, 2016, Plaintiff filed an application for Title XVI supplemental

security income benefits, alleging a disability onset date of March 29, 2015. Tr.

115. The application was denied initially, Tr. 134 (September 29, 2016), and on

reconsideration, Tr. 143 (November 28, 2016). Plaintiff appeared at a hearing

before an administrative law judge ("ALJ") on May 29, 2018. Tr. 35-53. On

August 7, 2018, the ALJ denied Plaintiff's claim. Tr. 115-124.

On May 15, 2020, the Appeals Council remanded, ordering the ALJ to

obtain additional evidence concerning Plaintiff's impairments to complete the

administrative record in accordance with regulatory standards, further evaluate

Plaintiff's mental impairments, give further consideration to Plaintiff's maximum

RFC and provide appropriate rationale, obtain supplemental evidence from a

vocational expert if warranted, and conduct further proceedings to determine

whether drug addiction is material to disability. Tr. 129-133.

On July 13, 2021, Plaintiff appeared at a second hearing. Tr. 54-81.

Plaintiff amended his alleged onset date to the date of application, May 19, 2016.

Tr. 13.  On July 28, 2021, the ALJ denied Plaintiff's claim.  Tr. 13-28.  The

Appeals Council denied review on December 14, 2021.  Tr. 1-6.  The ALJ's

decision became the final decision and is subject to judicial review.  20 C.F.R. §

404.981.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had

not engaged in substantial gainful activity since May 19, 2016, the application

date.  Tr. 15.  At step two, the ALJ found Plaintiff had the following severe

impairments: anxiety and substance use disorder.  Tr. 16.  At step three, the ALJ

found Plaintiff does not have an impairment or combination of impairments that

meets or medically equals the severity of one of the listed impairments.  Tr. 17.

The ALJ then found Plaintiff had the RFC to perform a full range of work at

all exertional levels but with the following nonexertional limitations:

> [Plaintiff] can understand, remember and carry out simple instructions
> and exercise simple workplace judgment.  He can perform work that
> is learned by on the job training beyond a short demonstration lasting
> up to and including one month.  He can respond appropriately to
> supervision, but should not be required to work in close coordination
> with coworkers where teamwork is required.  [Plaintiff] can deal with
> occasional changes in the work environment.  He can work in jobs
> that require no interaction with the general public to perform the work
> tasks, which does not preclude working environment where the public
> is present.

Tr. 18.

//

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 26. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as industrial cleaner, hand packager, and laundry laborer. Tr. 27. The ALJ concluded Plaintiff has not been disabled within the meaning of the Social Security Act, from May 19, 2016, through July 28, 2021, the date of the ALJ's decision. Tr. 28.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly assessed Plaintiff's physical impairments at step two;

2. Whether the ALJ properly weighed Plaintiff's symptom testimony; and

3. Whether the ALJ properly weighed the medical opinion evidence.

ECF No. 11 at 2.

//

//

//

//

# DISCUSSION

## A.  Step Two

Plaintiff contends the ALJ erred at step two in finding Plaintiff does not have any severe physical impairments.  ECF No. 11 at 9-11.

At step two of the sequential evaluation process, the ALJ considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.  *Id.*

Step two is "a de minimis screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ found Plaintiff has the following severe impairments: anxiety and substance use disorder.  Tr. 16.  Plaintiff contends the ALJ erroneously found

1   Plaintiff's back impairments non-severe and failed to incorporate any associated

2   limitations into the RFC.  ECF No. 11 at 10.  The ALJ found Plaintiff's back

3   impairments non-severe on the grounds that Plaintiff did not follow recommended

4   treatment and physical examinations were relatively normal, concluding that there

5   is little evidence the back impairment caused any significant limitation in the

6   ability to perform basic, work-related activities for a continuous twelve-month

7   period.  Tr. 16 (citations to the record omitted).  Where evidence "is susceptible to

8   more than one rational interpretation, [the Court] must uphold the ALJ's findings if

9   they are supported by inferences reasonably drawn from the record."  *Molina*, 674

10  F.3d at 1111.  The ALJ's finding at step-two is supported by substantial evidence.

11      Moreover, the ALJ considered the back impairment allegations in assessing

12  the RFC.  Tr. 19.  Step-two was decided in Plaintiff's favor and Plaintiff has not

13  pointed to any evidence that functional limitations would have impacted the ALJ's

14  analysis at step five.  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  The

15  Court finds that the ALJ did not err at step two.

16  **B.  Plaintiff's Symptom Testimony**

17      Plaintiff contends the ALJ failed to rely on clear and convincing reasons to

18  discredit his symptom testimony.  ECF No. 11 at 11-16.

19      An ALJ engages in a two-step analysis to determine whether to discount a

20  claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL

1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing standard is the most demanding required in Social Security cases."

*Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 20.

1        *1.  Inconsistent Statements Regarding Substance Use*

2        Plaintiff challenges the ALJ's finding that Plaintiff made inconsistent

3    statements regarding his substance use on the grounds that the ALJ did not make a

4    proper Drug and Alcohol Abuse ("DAA") analysis.  ECF No. 11 at 13.  The Court

5    addresses the DAA analysis at step three *infra*.

6        The ALJ may consider inconsistencies in the evidence and the extent to

7    which there are conflicts between a claimant's statements and the rest of the

8    evidence.  20 C.F.R. § 416.929(c)(4).

9        The ALJ discounted Plaintiff's symptom claims because he made

10   inconsistent statements regarding his substance use.  Tr. 20-21.  For example, the

11   ALJ noted that Plaintiff testified he had never sustained use of marijuana multiple

12   times per day, which was contradicted by his report in December 2017 where

13   Plaintiff indicated he smoked marijuana daily, several times a day, usually to help

14   him calm down when he starts getting irritable.  Tr. 20 (citations to the record

15   omitted).  The ALJ also noted Plaintiff had issues taking medications unless they

16   would "give [him] a buzz" which suggested other reasons for the frequent

17   marijuana use.  *Id.* (citations to the record omitted).

18       Additionally, the ALJ also noted that Plaintiff made inconsistent statements

19   regarding obtaining unemployment benefits.  Tr. 24.  Plaintiff admitted to

20   answering extensive questions each week on a phone application to obtain benefits

after being shown how to use it once, but then said someone else did it for him

before once again admitting that he does it himself.  Tr. 24.  When Plaintiff stated

he could not remember the questions he answers each week, the ALJ prompted

Plaintiff to pull up the phone that Plaintiff said he uses to apply for the benefits, but

Plaintiff then said it was on a phone not in his possession at his friend's house.  *Id.*

Plaintiff does not challenge the inconsistent statements regarding the

unemployment benefits.

The ALJ reasonably discounted Plaintiff's symptoms allegations where he

inconsistently reported his substance use and ability to consistently apply for

unemployment benefits.  This finding is supported by substantial evidence.

### 2.   *Course of Treatment*

Plaintiff challenges the ALJ's finding that Plaintiff's symptoms improved

with treatment.  ECF No. 11 at 14.

A claimant's course of treatment and any other measures taken to relieve

symptoms are relevant factor in considering the severity of symptom allegations.

20 C.F.R. § 416.929(c)(3); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040

(9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a

claimant's complaints of debilitating pain or other severe limitations).  A

claimant's "unexplained, or inadequately explained, failure to seek treatment or

1    follow a prescribed course of treatment" can undermine symptoms reports. *Fair v.*

2    *Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989).

3         The ALJ found Plaintiff's responsiveness to treatment did not corroborate

4    with his reported level of severe symptoms. Tr. 21-22. The ALJ discussed

5    Plaintiff's reports of stability with medications, particularly after stopping

6    marijuana use. *Id.* Plaintiff displayed stable mood with better interactions with

7    family, better outlook, and reduced or no paranoia. *Id.* (citations to the record

8    omitted). The ALJ noted that Plaintiff's symptoms were not completely mitigated,

9    but that Plaintiff declined therapy services and the record includes evidence of

10   noncompliance. *Id.* For example, Plaintiff presented as a "no show" to therapy

11   and medication management appointments with no explanation. *Id.* (citation to the

12   record omitted). Despite noncompliance with a prescribed course of treatment, the

13   ALJ noted that there was evidence in the record that Plaintiff was getting

14   unprescribed alprazolam and suboxone, suggesting that his memory and ability to

15   function are not as reduced as alleged. Tr. 21 (citations to the record omitted).

16        Plaintiff admits he reached some stability in his symptoms, but that he was

17   still unable to work due to lingering symptoms such as poor focus and attention.

18   ECF No. 11 at 14. Where evidence is subject to more than one rational

19   interpretation, the ALJ's conclusion will be upheld. *Burch v. Barnhart*, 400 F.3d

20   676, 679 (9th Cir. 2005). The ALJ reasonably discounted the severity of Plaintiff's

mental health symptoms where symptoms improved with medications, but where Plaintiff was not fully noncompliant with treatment and took other medications that were not prescribed. This finding is supported by substantial evidence.

### 3. Objective Medical Evidence

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony conflicted with the record. ECF No. 11 at 15.

Objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. 20 C.F.R. § 416.929(c)(2). However, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Id.* Mental status examinations are objective measures of an individual's mental health. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The ALJ found Plaintiff's presentation to treating and examining providers inconsistent with his allegations of extremely limiting mental health symptoms. Tr. 22-23. The ALJ noted that treatment records documented Plaintiff as alert, oriented, pleasant, and cooperative. Tr. 21 (citations to the record omitted). At some medication management appointments, Plaintiff fidgeted and was jittery with increased agitation after starting Lithium, the ALJ noted there was no psychomotor

retardation.  *Id.* (citations to the record omitted).  However, with changes in

Plaintiff's medication, Plaintiff was calmer with mood improvement and reduced

paranoia.  *Id.*  The ALJ noted Plaintiff's enduring symptoms, but also noted

occasions where Plaintiff had normal mood and affect, normal limits, open to

input, good with rapport, normal function of knowledge, intact cognition, fair to

good insight and judgment, denial of suicide ideation, paranoid delusions,

hallucinations, and obsessions/compulsions, good with concentration and attention,

normal immediate, recent, and remote memory.  Tr. 21-22 (citations to the record).

It is the ALJ's duty to resolve conflicts in the record.  *Andrews*, 53 F.3d at

1039.  Where evidence is subject to more than one rational interpretation, the

ALJ's conclusion will be upheld.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

2005).  The ALJ reasonably concluded that the objective medical evidence

conflicted with Plaintiff's testimony.  This finding is supported by substantial

evidence.  Even if this finding were error, the ALJ provided other reasons to

discount Plaintiff's symptoms that are supported by substantial evidence.  *See*

*Carmickle v. Commissioner*, 533 F.3d 1155, 1163 (9th Cir. 2008).

### 4. *Work History*

Plaintiff challenges the ALJ's finding that Plaintiff's work history conflicted

with the Plaintiff's testimony.  ECF No. 11 at 15.

Evidence of a poor work history that suggests a claimant is not motivated to work is a permissible reason to discredit a claimant's testimony that he or she is unable to work. 20 C.F.R. § 416.929(c)(3). When considering a claimant's contention that he cannot work because of his impairments, it is appropriate to consider whether the claimant has not worked for reasons unrelated to the alleged disability. *See Tommasetti*, 533 F.3d at 1040.

The ALJ found Plaintiff's work history does not support an inability to work due to mental health impairments. Tr. 24. The ALJ noted that Plaintiff had a spotty work history even before the disability began, suggesting other reasons for not working. *Id.* When Plaintiff was working full-time, he reported doing well. *Id.* Plaintiff admitted to marijuana use and a methamphetamine relapse, and after losing his job, his anxiety, depression, and paranoia increased.

The ALJ reasonably concluded that Plaintiff's work history conflicted with Plaintiff's testimony. This finding is supported by substantial evidence. Even if this finding were error, the ALJ provided other reasons to discount Plaintiff's symptoms that are supported by substantial evidence. *Carmickle*, 533 F.3d at 1163.

In conclusion, the ALJ provided clear and convincing reasons supported by substantial evidence to discount Plaintiff's symptom testimony. Plaintiff has not demonstrated any reversible error.

C.  **Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinions of Carla Van Dam, Ph.D. and Alexander Patterson, Psy.D.  ECF No. 11 at 16-21.[1]

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.*  In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by

---

[1]    Because Plaintiff's application for benefits was filed in 2016, the regulations governing claims filed before March 27, 2017 apply to this case.  20 C.F.R. § 416.325.

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory, and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830-831). The opinion of a

nonexamining physician may serve as substantial evidence if it is supported by

other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041

(9th Cir. 1995).

   1. *Carla Van Dam, Ph.D.*

   Dr. Van Dam opined Plaintiff retained the capacity to understand,

remember, carry out, and sustain performance of simple tasks, but would become

overwhelmed if the procedure were more complication and Plaintiff would have

occasional difficulties in maintain attention, concentration, persistence or pace

when symptomatic. Tr. 25. Dr. Van Dam opined Plaintiff remained capable of

simple tasks with reasonable concentration, persistence, or pace, attending work

within customary tolerances, working within a routine, and completing a normal

workday/week. *Id.* Dr. Van Dam indicated Plaintiff was capable of work with

occasional social interaction, best away from the general public and Plaintiff may have occasional difficulty accepting criticism and/or appropriately dealing with coworker conflicts, but that Plaintiff could accept instructions as needed and maintain adequate hygiene. *Id.* Dr. Van Dam noted Plaintiff had a history of substance abuse and reduced awareness of normal hazards but that Plaintiff was capable of responding to goals set by others and could carry out a simple and predictable work routine. *Id.*

The ALJ gave Dr. Van Dam's opinion some weight. Tr. 25. The ALJ noted Dr. Van Dam reviewed the medical evidence of record and the opinion was generally consistent with Plaintiff's presentation to treating and examining providers, responsiveness to treatment and medication, statements made by Plaintiff, and Plaintiff's performance in a mental status examination. *Id.* The extent a medical source is familiar with information in a claimant's record is a relevant factor for an ALJ to consider when applying weight to an opinion. 20 C.F.R. § 416.927(c)(6).

However, the ALJ noted some internal inconsistencies in the opinion considering occasional difficulties with concentration, persistence or pace not being entirely consistent with the ability to perform within customary tolerances. An internally inconsistent opinion is a specific and legitimate basis for discounting an opinion. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1    The ALJ provided specific and legitimate reasons for assigning the opinion

2  some weight, which are supported by substantial evidence.

3    2.   *Alexander Patterson, Psy.D.*

4    Dr. Patterson examined Plaintiff in September 2016.  Tr. 25.  Dr. Patterson

5  opined that Plaintiff could do simple routine, repetitive tasks, not detailed tasks.

6  *Id.*

7    The ALJ gave Dr. Patterson's opinion some weight, and other portions little

8  weight.  Tr. 25.  The ALJ noted Dr. Patterson reviewed limited records and

9  Plaintiff's statements were not consistent with his presentation or statement to

10  treatment providers.  20 C.F.R. § 416.927(c)(6).  Plaintiff also appeared to

11  underreport aspects of his substance use history, which deprived Dr. Patterson of

12  the ability to consider the impact of marijuana use.  *Id.*  The portions of Dr.

13  Patterson's opinion that the ALJ assigned little weight was on the grounds that the

14  opinion did not appear consistent with Plaintiff's presentation to treating providers,

15  responsiveness to treatment and medication, statements made by Plaintiff (all

16  detailed *supra*), and some portions were not well explained.  Tr. 26.  The ALJ

17  found Dr. Patterson's opinion largely speculative in areas like the ability to

18  maintain attendance and sustain consistent performance, which are not as easily

19  susceptible to assessment in a one-time exam.  *Id.*; *See* 20 C.F.R. § 416.927(c)(3).

20

The ALJ provided specific and legitimate reasons for assigning the opinion some and little weight, which are supported by substantial evidence.

In sum, the ALJ did not harmfully err in assessing these medical opinions. Plaintiff has not shown any reversible error.

### D. Drug and Alcohol Abuse

Plaintiff contends the ALJ erred in not properly conducting a Drug and Alcohol Abuse ("DAA") analysis.  ECF No. 11 at 12-13.

An ALJ only makes a DAA materiality determination if (1) a claimant has a substance use disorder based on information from an acceptable medical source, (2) the ALJ finds the claimant is disabled considering all impairments, including the DAA.  SSR 13-2p at *4.  In other words, if a claimant is not disabled considering all impairments, including DAA, the ALJ need not determine DAA materiality.  *Id.* at *5.

Here, the ALJ considered Plaintiff's substance use in crafting the RFC, and found Plaintiff not disabled considering all symptoms.  Tr. 18-21.  The ALJ noted "[t]he evidence seems to support some improvement with lessened marijuana use, suggesting it contributes to his overall symptoms, but there is no sustained period of sobriety during the relevant period.  Therefore, the undersigned finds it is not material, but has considered it in crafting the [RFC]."  Tr. 21.  This finding appears to have been made at the Appeals Council's direction.  Tr. 132.  However, the ALJ

need not determine the materiality of Plaintiff's substance use, because the ALJ found Plaintiff was not disabled considering all impairments, including DAA. SSR 13-2p at *5. The ALJ did not err in conducting the DAA analysis.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is

   **GRANTED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

DATED September 13, 2022.



THOMAS O. RICE
United States District Judge